No. 2848.

LEWIS COOPER v. THE STATE.

ON MOTION FOR REHEARING.

1. CARRYING ARMS ABOUT ELECTIONS—CARRYING ARMS WHERE PEOPLE ARE COLLECTED TO VOTE—CASE APPROVED.—See the opinion for an approval of the decision rendered upon the original hearing of this appeal (Cooper v. The State, 25 Texas Ct. App., 530), to the effect, first, that, "if the inculpatory acts enumerated in two different articles of the Penal Code be the same, and the penalties prescribed be different, neither will be enforcible, because of uncertainty as to the penalty;" and, second, that, "although one of the ingredients of each is common to both, the offenses defined respectively by article 163 of the Penal Code and article 320 of the Penal Code are distinct offenses, comprehending different elements and punished by different penalties."

2. CARRYING ARMS ABOUT ELECTION—PRACTICE—LEGALITY OF ELECTION—PRESUMPTION—BURDEN OF PROOF.—To a prosecution for carrying arms about an election, etc., as that offense is defined by article 163 of the Penal Code, the accused interposed the defense that the election was void because illegal. But *held*, first: Primarily, the presumption obtains in favor of the legality of the election. Second: Even if the legality of the election can be assailed collaterally, the burden of establishing the illegality of the same rests on the accused. Third: In a prosecution for the violation of said article 163, it is immaterial whether the election was legal or illegal, if the same was held under the forms of law.

APPEAL from the District Court of Karnes. Tried below before the Hon. H. C. Pleasants.

The conviction in this case was for violation of article 163 of the Penal Code, which defines the offense of "carrying arms within one half mile of a voting place, on a day of election during the time that the polls are open." The penalty assessed against the appellant was a fine of one hundred dollars.

This appeal was prosecuted to and was originally heard at the Austin term, 1888, of this court. By an oversight the filing of the motion for rehearing escaped the attention of the Reporters, and a report of the decision (including a statement of the case) rendered on the said original hearing was prepared, and appears in the twenty-fifth volume of these Reports, beginning on page 530. The motion for rehearing, which was filed

near the close of the said Austin term, was taken under advisement and transferred to Tyler, where it was passed upon and refused in the opinion that follows.

*E. R. Lane,* for the motion.

*W. L. Davidson,* Assistant Attorney General, for the State.

Hurt, Judge. In the motion for rehearing it is again urged that articles 163 and 320, Penal Code, define the same offense, and that they provide different punishments; and therefore that, the punishment being uncertain, no punishment should be inflicted. If these articles define the same offense this judgment should be reversed because the penalty must be certain.

Do they define the same offense? Appellant is charged with violating article 163, Penal Code; the weapon was a gun. This article in substance provides: "If any person, other than a peace officer, shall carry a gun, etc., on any day of election, during the hours the polls are open, within the distance of one-half mile of the poll or voting place, he shall be fined not less than one ncr more than five hundred dollars, and in addition thereto may be imprisoned in the county jail for a time not exceeding one month." To be guilty, the accused must carry the gun, he must carry the gun during the hours the polls are open on a day of election, he must carry the gun on such a day and during the hours the polls are open, within one-half mile of the poll or election place. These are the elements which go into the composition of the offense defined by article 163.

That portion of article 320 bearing upon the question in substance provides: "If any person shall go to any election precinct on a day of election, where any portion of the people * * are collected to vote at said election, and ṣhall have or carry about his person any fire arms, etc., he shall. be punished by fine not less than fifty nor more than five hundred dollars, and shall forfeit the weapon," etc.

Now, to commit this offense the accused must go to an election precinct on the day of the election—he must go where a portion of the people are collected—the people must be collected to vote at the election, and he must have or carry about his person the prohibited weapon.

It will be readily perceived that the elements of these offenses are not the same. In that defined by article 320 it is

not material whether the polls are open or not; nor is it necessary that the weapon be carried during the hours the polls are open. On the other hand, it is not an element in the offense defined by article 163 that the accused have or carry the weapon at or to the crowd collected to vote. If the weapon is carried (during the hours the polls are open) within one half mile of the voting place, the other elements attending, he would be guilty.

But it is contended that the election was void, because no notice of the same was given by posting as the law requires. Now the appellant is not charged with violating the local option law, nor with illegally voting at an election. He is charged with carrying a gun within one half mile of the voting place on the day of an election during the hours the polls were open.

We hold that the presumption obtains that the election was legal, and, if the question of the illegality of the election could be made in this collateral manner, the burden is on the accused to show illegality, and not upon the State to show that it was legal.

Again: Whether the election was legal or not, it was being held under the forms of law—it was not a farce—and the mischief intended to be prevented by the statute would as likely arise in the one case as the other.

The motion is overruled.

*Rehearing refused.*

Opinion delivered December 15, 1888.